IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KERRY PURNELL,<br>Plaintiff | :<br>:<br>: CIVIL ACTION NO. 3:07-00024 |
| v. | :<br>: (JUDGE NEALON) |
| PETER CWALINA, et al.,<br>Defendants | : (MAGISTRATE JUDGE SMYSER)<br>: |

## MEMORANDUM and ORDER

On January 5, 2007, Plaintiff, Kerry Purnell, who is currently an inmate at State Correctional Institution ("SCI") Forest filed the instant civil rights action pursuant to 42 U.S.C. § 1983 for alleged injuries he sustained at SCI-Dallas on January 3, 2005 at the hands of Pennsylvania Department of Corrections Officers and from the medical staff's intentional failure to provide necessary treatment. (Doc. 1). On July 22, 2010, Defendant Dr. Kale filed a motion for summary judgment (Doc. 167) and Defendants Lieutenant Cywinski, Correctional Officer Sowga, and Correctional Officer Matko also filed a motion for summary judgment (Doc. 169). Magistrate Judge J. Andrew Smyser filed a Report recommending that both motions for summary judgment be denied on December 6, 2010. (Doc. 182). By Order dated February 16, 2011, the Undersigned adopted the Magistrate Judge's recommendations, denied the moving Defendants' motions, but permitted Defendant Dr. Kale to refile his motion. (Doc. 185). On March 3, 2011, Dr. Kale filed a second motion for summary judgment, a brief in support thereof, and a statement of facts. (Docs. 186-188). Plaintiff filed a brief in response on April 12, 2011 and exhibits in support of his position on April 15, 2011 and April 22, 2011. (Docs. 192-194). On June 8, 2011, Magistrate Judge Smyser filed a Report and Recommendation recommending that summary

FILED
SCRANTON

1

JUN 2 9 2011

Per ▬▬▬▬▬▬
DEPUTY CLERK

judgment be granted in Dr. Kale's favor. (Doc. 195). To date, no objections to the Magistrate Judge's Report and Recommendation have been filed. After a review, it is determined that the Magistrate Judge's recommendation will be adopted and Dr. Kale's second motion for summary judgment will be granted.

## Discussion

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3.

Having reviewed the instant record, no error is discerned from the Report and Recommendation. In the Report, Magistrate Judge Smyser undertook an analysis of Dr. Kale's motion, discussing the legal standard for summary judgment, identifying the allegations of Plaintiff, and reviewing the factual evidence of record. (Doc. 195). The Magistrate Judge concluded that Plaintiff has failed to produce evidence supporting any of his allegations against

Dr. Kale and recommends granting Dr. Kale's motion. (Doc. 195, pp. 8-12)

Following discovery at the summary judgment stage, judgment should be entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." Alexander v. Forr, 297 Fed. Appx. 102, 104 (3d Cir. 2008), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). "[A]n adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Alexander, 297 Fed. Appx. at 104, citing FED. R. CIV. P. 56(e). The Magistrate Judge properly determined that Plaintiff has failed to set forth evidence sufficient to show the existence of the elements of his claims. Accordingly, Dr. Kale's second motion for summary judgment will be granted.

The Report further recommends that the case be listed for trial on the claims against the remaining Defendants: Cywinski, Sowga and Smatko. (Doc. 195, pp. 12-13). Accordingly, these Defendants will be directed to confer with Plaintiff and notify this Court whether all parties consent to proceed to trial before a Magistrate Judge. See M.D. Pa. L.R. 72(b); 28 U.S.C. § 636(c)(1).

Date: June 29, 2011

_____
**United States District Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KERRY PURNELL, : | |
| Plaintiff : | |
| : | CIVIL ACTION NO. 3:07-00024 |
| v. : | |
| : | (JUDGE NEALON) |
| PETER CWALINA, et al., : | (MAGISTRATE JUDGE SMYSER) |
| Defendants : | |

## ORDER

AND NOW, THIS 29th DAY OF JUNE, 2011, **IT IS HEREBY ORDERED THAT:**

1. Magistrate Judge J. Andrew Smyser's report and recommendation (Doc. 195) is **ADOPTED**;

2. Defendant Kale's second motion for summary judgment (Doc. 186) is **GRANTED**;

3. The Clerk of Court is directed to **TERMINATE** Defendant Dr. Kale as a party of this action;

4. The remaining Defendants, Cywinski, Sowga and Smatko, are directed to confer with Plaintiff and file a letter within thirty (30) days of the date of this Order indicating whether or not all parties consent to proceed to trial before a Magistrate Judge; and

5. Any appeal will be deemed frivolous, lacking merit, and not taken in good faith.

_[signature]_
**United States District Judge**