**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

KERRY PURNELL,

        Plaintiff                CIVIL NO. 3:07-CV-0024

        v.

                                (JUDGE CAPUTO)

PETER CWALINA, ET AL.,

        Defendants

## MEMORANDUM

Before the Court is Kerry Purnell's Motion for Leave to File Motion for Appointment of Counsel (Doc. 200) which I construe as a motion for appointment of counsel.

This is a civil action filed under 42 U.S.C. §1983 by Plaintiff for events which occurred in SCI-Dallas.  The claim is based upon a violation of the Fourteenth Amendment (excessive force).  The Eighth Amendment (deliberate indifference to medical needs) claim has been dismissed and is no longer part of the case.

## DISCUSSION

In *Tabron v. Grace*, 6 F.3d 147 (3rd Cir. 1993), the United States Court of Appeals for the Third Circuit identified several factors to assist district courts in determining when the appointment of counsel is appropriate.  Preliminarily, the plaintiff's claim must have some merit and fact in law, *Id.* at 155, and if the claim has merit the district court should consider the following factors:  1)  plaintiff's ability to present his or her own case, 2) the complexity of the legal issues, 3)  the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue

such investigation, 4) whether the case is likely to turn on credibility determinations, 5) whether the testimony of expert witnesses is required, and 6) whether plaintiff can attain and afford counsel in his own behalf. *Id.* at 155-58.

By adopting the Magistrate Judge's Report and Recommendation this Court found that the Plaintiff's claim has merit. I will now explore the remaining factors set forth in *Tabron*.

1.   Plaintiff's ability to present his own case.

Plaintiff has filed a complaint containing 88 paragraphs. The allegations are clear, and the allegations concerning Defendants Cywinski, Sowga and Smatko are clearly written. He also filed briefs which were clearly written.

2.   The complexity of legal issues.

I do not believe that the legal issues are complex, however, since credibility is such a crucial issue in this case, I am not convinced the Plaintiff can perform adequately.

3.   The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation.

In the present case, extensive discovery is not necessary. Moreover, while the case is ready for trial, it may well be that Plaintiff needs an expert to opine on his injuries and the cause of the injuries. Whether or not such opinion can be obtained is unknown, but, I view the need for Plaintiff to explore this possibility as essential to the Plaintiff's case. In this respect, counsel would be a necessary ingredient in assisting the Plaintiff in the preparation of this aspect of the case. The

2

Plaintiff should have the opportunity to determine whether he can secure medical opinion evidence, and the necessary and appropriate way to do so is through appointed counsel. [1] Therefore, the appointment of counsel is necessary to assist the Plaintiff in conducting a factual investigation.

4.    The likelihood that the case will turn on credibility determinations.

Credibility determinations are important in the case, and I am not convinced Plaintiff is up to this task. Counsel is necessary for the cross examination of witnesses. This factor weighs in favor of appointment.

5.    Whether the case will require expert testimony.

Under *Tabron*, appointed counsel "may be warranted where the case will require testimony from expert witnesses" *Id.* at 156.  As noted, Plaintiff may require the testimony of a medical expert in order to present his case.  I am convinced that the Plaintiff should have the opportunity to secure an expert, and further that the appointment of counsel would be necessary in order to assist Plaintiff in attempting to secure an expert evaluation.  As a result, this *Tabron* factor weighs in favor of the appointment of counsel.

---

[1]    Local Rule of Court 83.34.6 provides that a court appointed pro bono attorney  may seek reimbursement of costs not to exceed a limit established by Standing Order, which at present is $1500.00 (S.O. 05-05). An expert's fee would qualify as an expense for which reimbursement may be sought under this Local Rule.

6.    Whether Plaintiff can attain and afford counsel.

Plaintiff cannot afford counsel.


**CONCLUSION**

After analysis of the *Tabron* factors, I find the appointment of counsel in the present case is warranted.  My finding is based upon the conclusion that credibility is crucial and that counsel is necessary to assure fairness to Plaintiff, and that  there may be the need for a medical expert with respect to connecting Plaintiff's injuries to the alleged incidents.

Accordingly, Plaintiff's motion will be conditionally granted.  If counsel cannot be found to represent Plaintiff, the conditional order for appointment of counsel will be revoked.[2]

An appropriate Order will follow.


Date: November 15, 2011          /s/ A. Richard Caputo
                                 A. Richard Caputo
                                 United States District Judge

---

[2]    Plaintiff is advised that if the Court is unable to appoint counsel in this matter, he will be required to proceed with his case without counsel.

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

KERRY PURNELL,

      Plaintiff

      v.

PETER CWALINA, ET AL.,

      Defendants

CIVIL NO. 3:07-CV-0024

(JUDGE CAPUTO)

## ORDER

**NOW**, this 15th day of November, 2011, **IT IS HEREBY ORDERED**

1. Plaintiff's Motion to Appoint Counsel (Doc. 200) is **conditionally GRANTED**.

2. The Clerk of Court is directed to forward a copy of this Memorandum and Order to the Chair of the Federal Bar Association's Pro Bono Committee, Stephen M. Greecher, Jr., Esquire, Tucker, Arensberg & Swartz, 11 North Front Street, P.O. Box 889, Harrisburg, Pennsylvania, 17108, who shall select, or affect the selection of a member of the Bar Association to represent Plaintiff in this matter.

3. Appointed counsel for Plaintiff is directed to file an entry of appearance with the Court no later than forty-five (45) days from the date of this Order.

                        /s/ A. Richard Caputo
                        A. Richard Caputo
                        United States District Judge